UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARTHA SMITH,**

      **Plaintiff,**　　　　　　　　　　**Case No. C2-04-CV-1117**
　　　　　　　　　　　　　　　　　　　**JUDGE GREGORY L. FROST**
  **v.**　　　　　　　　　　　　　　　**Magistrate Judge King**

**ED HANING, et al.,**

      **Defendants.**

## OPINION & ORDER

In this Fourth Amendment case,[1] Plaintiff Martha Smith ("Smith") asserts that the Defendants Ed Haning, Wayne Gray, and the City of Circleville ("Defendants") used excessive force while unlawfully seizing her when an allegedly negligently trained police dog bit her instead of tracking down the individual that City of Circleville Police Officers ordered him to pursue. (Doc. # 1 ¶ ¶ 2-15, 28-32). Defendants have moved to dismiss all of Smith's claims. (Doc. # 6). Smith has filed a memorandum in opposition (Doc. # 12), to which Defendants replied (Doc. # 13). For the reasons that follow, the Court **GRANTS** the Defendants' motion as it relates to Smith's federal and state constitutional claims but declines to exercise jurisdiction over Smith's state law claims and **REMANDS** the remainder of the action to state court.

---

[1] It appears Smith also brings this action pursuant to 42 U.S.C. § 1983 for two reasons. First, Smith's Amended Complaint and her memorandum in opposition discusses Defendants' "policies." (Doc. # 1 at ¶ 21; Doc. # 12 at 6). Second, Defendants' motion to dismiss treats Smith's Amended Complaint as one under § 1983 and Smith failed to correct that interpretation in her memorandum in opposition. (Docs. # 6 at 5; Doc. # 12).

1

## BACKGROUND

Although the Complaint fails to specify where Smith resides, it appears that she is an Ohio resident. (Doc. # 1). Defendant City of Circleville ("Circleville") is located in Ohio. Circleville operates a police department. *Id.* Defendant Wayne Gray ("Gray") is Circleville's Chief of Police. *Id.* Defendant Ed Haning ("Haning") is a Circleville police officer. *Id.* ¶ 2. Haning, under Gray's direction, was in charge of training Arko, the Circleville Police Department's police dog. *Id.* at ¶ 3.

On July 5, 2003, Circleville Police Officer Tony Haupt ("Haupt") was on patrol with Haning and Arko. (Doc. # 12 at 2). Haupt saw William McIntyre ("McIntyre"), a well-known petty thief, standing in front of a bar. *Id.* Haupt knew McIntyre was on probation and that one of the terms of McIntyre's probation was that he could not enter bars. *Id.* Haupt approached McIntyre and noticed that his eyes were bloodshot and that he smelled of alcohol. *Id.* McIntyre admitted that he had consumed a few beers. *Id.*

Haupt told McIntyre that he was going to arrest him. *Id.* At that point, McIntyre took a step back from the officers. *Id.* Haupt and Haning told him not to flee or that they would release Arko. *Id.* Failing to heed the officers' warning, McIntyre fled. *Id.* Once again, the police officers warned McIntyre that they would release Arko unless he stopped. *Id.* When McIntyre failed to do so, the officers released Arko from their police cruiser to pursue him. *Id.*; Doc. # 1 at ¶ ¶ 2-15.

With Arko in pursuit, McIntyre entered the back door of a bar where Smith was a patron. Doc. # 12. The officers ordered Arko to return to the cruiser but the dog did not obey their order. *Id.* Instead, Arko entered the bar and bit Smith while she was dancing. *Id.*; Doc. # 6 at 3.

As a result of Arko's bite, Smith asserts she that sustained severe bite wounds and continues to suffer pain and emotional distress to this day. (Doc. # 1 ¶ ¶ 11, 12).

Originally filed in state court but removed by Defendants pursuant to 28 U.S.C. § § 1441 and 1446, Smith's Amended Complaint asserts the following claims: strict liability under Ohio Revised Code § 955.22(C)(2); assault and battery; negligence; reckless indifference; and use of excessive force to effect an unlawful seizure under the Fourth Amendment and parallel state constitutional provision. (Doc. # 1 at ¶ ¶ 1-32).

Defendants assert that Smith's constitutional claims must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and that they are entitled to immunity on the remainder of her state statutory and common law causes of action. (Doc. # 6 at 1). It is to an examination of Defendants' motion that the Court now turns.

## STANDARD OF REVIEW

Defendants move the Court to dismiss all of Smith's claims pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must "'construe the complaint liberally in the plaintiff's

favor and accept as true all factual allegations and permissible inferences therein.'" *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.,* 324 F.3d 845, 848 (6th Cir. 2003).

## DISCUSSION

**FOURTH AMENDMENT CLAIM & PARALLEL CLAIM UNDER THE OHIO CONSTITUTION**

To begin, Smith asserts that her "restraint by Arko's bite was an unlawful seizure and/or result of the use of excessive force in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 [sic] of the Ohio Constitution." (Doc. # 1 at ¶ 29). The Fourth Amendment to the United States Constitution provides in pertinent part: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . ." Similarly, the parallel provision of the Ohio Constitution states: "[t]he right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; . . . ." The Supreme Court of Ohio interprets Section 14, Article I of the Ohio Constitution as affording the same protection as the Fourth Amendment. *State v. Robinette*, 685 N.E.2d 762, 766-67 (1997); *see also Walsh v. Erie County Dep't of Job & Family Servs*., 240 F. Supp. 2d 731, 757 (N.D. OH 2003).

The law is clear that a seizure must occur before an excessive force claim is cognizable under the Fourth Amendment. *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 844-45 (1998)). According to the Sixth Circuit,

4

"[a] seizure within the meaning of the Fourth Amendment . . . 'requires an intentional acquisition of physical control.'" *Dunigan*, 390 F.3d at 492 (quoting *Brower v. Inyo County*, 489 U.S. 593, 596 (1989)).  Moreover, the Fourth Amendment is only implicated when there is a "governmental termination of freedom of movement through means intentionally applied." *Brower*, 489 U.S. at 597.  "The Fourth Amendment addresses 'misuse of power,' . . . not the accidental effects of otherwise lawful government conduct." *Id.* at 596.

Smith admits that the police released and ordered Arko to track McIntyre, not her.  (Doc. # 1 at ¶ 15; Doc. # 12 at 2).  Thus, Smith was not seized "through means intentionally applied." Additionally, neither Officer Haupt nor Officer Haning ordered Arko to bite Smith.  Given these circumstances, the Court holds that Smith was not seized within the meaning of both the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. (*See Dunigan*, 390 F.3d at 493) (holding same regarding Fourth Amendment claim of plaintiff who was bitten by a police dog when dog was ordered to track another individual). Consequently, the Court **GRANTS** Defendants' motion to dismiss Smith's federal and state constitutional claims.[2]  (Doc. # 6).  The remaining claims sound in state law, so the Court **REMANDS** this action to the Court of Common Pleas of Pickaway County, Ohio pursuant to 28 U.S.C.S. § 1367.

---

[2] Smith's discussions of substantial due process in her memorandum in opposition are irrelevant as her Amended Complaint fails to assert that Defendants violated her substantive due process rights and she has not moved the Court to amend her complaint to so assert.  (Doc. # 1; Doc. # 12 at 6).  As such, the Court reviews the Defendants' motion in light of the Amended Complaint as it is now filed.  *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 783 (6th Cir. 2000).

**IT IS SO ORDERED**.


   /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**